UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

NAQUAN SIMMONS,
                          Defendant.

15 Cr. 445 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received an application from counsel for defendant Naquan Simmons seeking Simmons' compassionate release from the U.S.P. Canaan federal correctional facility, pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates. Dkt. 1082. The Government opposes this request, for multiple reasons. Dkt. 1087. Simmons this morning filed a reply in support of his application. Dkt. 1089.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4

(S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[1] U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § 1B1.13(2)–(3).

Here, the Government argues, at the threshold, that Simmons' motion should be denied because he has failed to exhaust his administrative remedies, in that the BOP had not made a final decision and 30 days have not elapsed since Simmons moved for compassionate release Dkt. 1087. The Court need not reach this argument, however, because, the Court finds, on the present record, that a reduction of Simmons' sentence is not warranted. That is so for three independent reasons.

First, Simmons does not fit into any heightened risk category for COVID-19. He is not, and does not claim to be, presently "suffering from a serious physical or medical condition" that compromises his ability to receive care within U.S.P. Canaan. His circumstances thus contrast with those of various sentenced defendants whose release this Court has ordered pursuant to § 3582, and of the defendants with cases pending before the Court whose release the Court has ordered pursuant to 18 U.S.C. § 3142(i) or § 3145(c). *See, e.g.*, *United States v. Jasper*,

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts. *Ebbers*, 2020 WL 91399, at *1, 4.

No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a 4-month sentence); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant with asthma who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"). Particularly in the absence of any evidence that COVID-19 has been found among the inmate population at U.S.P. Canaan, the Court cannot find the "extraordinary and compelling circumstances" required for release under § 3582(c).

Second, substantially for the reasons offered by the Government, which draw upon the Court's analysis at sentencing, the Court is as yet unpersuaded that Simmons, if released, would not pose a danger to the community. Simmons' violent offense conduct and criminal history give the Court concern as to this requirement of release which Simmons' application for release does not allay, or even address. As in several other cases in which the Court has denied § 3582(c) applications, this provides an independent basis for the denial of Simmons' motion. *See, e.g.*, *United States v. Roland Martin*, No. 18 Cr. 834 (PAE), Dkt. 465 (S.D.N.Y. April 10, 2020); *United States v. Denard Butler*, No. 18 Cr. 834 (PAE), Dkt. 461 (S.D.N.Y. Apr. 7, 2020).

Third, given the absence of any risk factor particular to himself, the Court is unpersuaded that the 10-month sentence reduction Simmons seeks would yield an overall sentence consistent with the "factors set forth in section 3553(a)," as required by § 3582(c)(1)(A). In cases where an inmate seeking release was at high-risk for COVID-19, for example on account of asthma or another respiratory condition, the Court has found that the § 3553(a) factors require a court to give a fresh assessment of the just sentence. That has led the Court to authorize, as consistent with § 3553(a), the early release of a number of defendants, each of whom had served most of the terms to which they had been sentenced. *See, e.g.*, *United States v. Jasper*, Dkt. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (defendant had served all but 34 days of a 4-month sentence and had an immune-inflammatory disease); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (defendant was scheduled for release in four months and had asthma); *but see United States v. Denard Butler*, No. 18 Cr. 834 (PAE), Dkt. 461 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for recently sentenced defendant with asthma and a cardiac condition who had only served 15 months in prison of 60-month sentence); *United States v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (for similar reasons, denying compassionate release motion for a defendant at heightened risk of COVID-19 who had served just two months of a 33-month sentence). Because Simmons is not at heightened risk, and has approximately 10 months left to serve on his 72-month sentence, those § 3553(a) factors are not triggered so as to justify a downward assessment of the just sentence in his case.

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

Dated: April 13, 2020
       New York, New York